IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeWAYNE BROWN,<br>    Plaintiff | )<br>)<br>) |
| vs. | ) C.A.No. 09-235 Erie |
| WARDEN MAJOR SMITH, et al.<br>    Defendants. | )<br>)<br>) Magistrate Judge Baxter<br>) |

### OPINION AND ORDER[1]

**I.    Introduction**

Pending before the Court is Defendants' motion to dismiss for failure to prosecute [ECF No. 23], which the Court will grant. Also pending before the Court is the Defendants' motion for judgment on the pleadings [ECF No. 18], which the Court will dismiss as moot.

   **A.    Relevant Procedural History**

Plaintiff, acting *pro se*, filed this civil rights action on September 15, 2009. [ECF No. 3]. He named as defendants Major Smith, the Warden of the Venango County Prison, Chief Deputy Warden Foster Lyles, and Lieutenant Jeff Ruditis. He contended that the Defendants violated his Eighth Amendment rights because the area outside of the prison showers was unsafe, causing him to fall and injure his left leg. Plaintiff filed an Amended Complaint on October 16, 2009, and added the Venango County Prison as a defendant. [ECF No. 6]. He explained his claim more fully as follows: "I was coming out of the shower [on August 31, 2009] and I slipped on some water on the outer floor of the shower. My left leg buckled up under me causing me to go into a twisting motion. I lost my [balance] and [fell] injuring my left knee, hip and right side of my back."

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

[ECF No. 6 at p. 2].

Defendants filed their Answer to the Amended Complaint on October 30, 2009. [ECF No. 10]. That same day, the Court issued a Case Management Order directing Plaintiff to file his pretrial statement on or before April 15, 2010. [ECF No. 12]. Plaintiff did not file his pretrial statement. By Order dated May 11, 2010, the Court directed that Plaintiff show cause before May 20, 2010, for his failure to file a pretrial statement. The Court informed him that "[f]ailure to comply with this Order will result in the dismissal of this action for failure to prosecute." [ECF No. 22 (emphasis added)].

Plaintiff has not filed his pretrial statement and he has not responded to the Court's show cause order. In fact, he has not filed a document with the Court since November 12, 2009. [See ECF No. 14]. As a result, Defendants have filed a motion to dismiss for failure to prosecute. [ECF No. 23]. The Court ordered Plaintiff to file a response to the motion to dismiss on or before July 14, 2010. [ECF No. 24]. He did not do so.

In the meantime, Defendants also have filed a motion for judgment on the pleadings, [ECF No. 18], which Plaintiff was ordered to respond to by January 27, 2010. Plaintiff did not file a response to that motion either.

### B.   Discussion

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Correctional Officer., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, the Court concludes that the case must be dismissed. Plaintiff has not taken the necessary steps to prosecute this case. He did not file a pretrial statement, despite being notified that the Court would dismiss this case if he failed to do so. Nor has Plaintiff filed responses to either of Defendants' pending motions. He has not filed anything with the Court since November 12, 2009, and the Court can only surmise that he is no longer interested in pursuing his claim against the Defendants. He is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Finally, even if Plaintiff's allegations stated a claim upon which relief could be ultimately be granted – a point that Defendants contest – the merits of the claim are impossible to determine at this early stage of the proceedings.

## II.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss for failure to prosecute [ECF No. 23] is granted and their motion for judgment on the pleadings [ECF No. 18] is dismissed as moot. The Clerk of Court's will be directed to close this case.

An appropriate Order follows.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: September 14, 2010

cc:     counsel of record and

      Anthony DeWayne Brown
      Venango County Prison
      1186 Elk Street
      Franklin, PA 16323

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeWAYNE BROWN,<br>    Plaintiff | )<br>)<br>) |
| vs. | )    C.A.No. 09-235 Erie |
| WARDEN MAJOR SMITH, <u>et</u> <u>al.</u> | )<br>) |
| | )    Magistrate Judge Baxter |
|     Defendants. | ) |

## **ORDER**

AND NOW, this 14th day of September, 2010, it is hereby ORDERED that Defendants' motion to dismiss [ECF No. 23] is GRANTED and this case is dismissed for failure to prosecute. It is further ORDERED that Defendants' motion for judgment on the pleadings [ECF No. 18] is DISMISSED AS MOOT.

The Clerk of Courts is directed to close this case.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge

cc:    counsel of record and

       Anthony DeWayne Brown
       Venango County Prison
       1186 Elk Street
       Franklin, PA 16323